UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Boniek,

Plaintiff,

vs.

Helmut Doerr,

Defendant.

Case File No.: 00-1840 DSD/FLN

**REPORT AND RECOMMENDATION**

---

Plaintiff, pro se.
David J. Lauth for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 6, 2000, on Defendant's Motion to Dismiss [#2].

## I. BACKGROUND

Plaintiff was formerly employed by the Southern Minnesota Beet Sugar Cooperative ("SMBSC"). Defendant Helmut Doerr ("Doerr") was one of his supervisors. Statement of Claim by Nathan Boniek, Renville County Conciliation Court (Exhibit 6 to the Lauth Affidavit). The SMBSC has a collective bargaining agreement with Local 369G of the Bakery, Confectionary, Tobacco Workers & Grain Millers Union ("the Union"), and is therefore subject to the Labor Management Relations Act ("LMRA"). Affidavit of Charles Hannah at 1, 2 (Exhibit 1 to the Lauth Affidavit). The agreement permits SMBSC to discipline and discharge employees for just cause. See Exhibit A to the Affidavit of Darvin Hauptli at Section 7.1 (Exhibit 2 to the Lauth Affidavit). The agreement also provides a grievance procedure under



FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

which the Union may claim that SMBSC has violated its terms. Id. at Article IX.

Plaintiff received a disciplinary notice on February 5, 1995, for leaving his work station without being relieved. Exhibit A to the Hannah Affidavit. This notice, which Plaintiff alleges was in some way the responsibility of Doerr, was the basis of Plaintiff's instant Complaint in Renville County Conciliation Court. See Exhibit 6 to the Lauth Affidavit. Plaintiff received a second disciplinary notice on August 11, 1995, for failing to inform the company of his absence from work, and a third disciplinary notice on September 15, 1995, for an unexcused absence. Exhibit A and B to the Affidavit of Carol Gabbert.

The September 15, 1995, disciplinary notice resulted in Plaintiff's immediate termination. Affidavit of Darvin Hauptli at 2. Boniek filed a grievance with SMBSC shortly thereafter, which the Union investigated and ultimately determined to be without merit. Id. On November 18, 1995, the Union informed Boniek that it was withdrawing his grievance and of his right to appeal. Exhibit C to the Hauptli Affidavit. Plaintiff appealed, and an appeals meeting was scheduled for December 18, 1995. Exhibit D to the Hauptli Affidavit. After the meeting, the Union informed Plaintiff that his grievance would still not be pursued and that he could appeal to the International Union. Exhibit E to the Hauptli Affidavit. On March 1, 1996, the International Union denied Plaintiff's appeal because it was untimely. Exhibit F to the Hauptli Affidavit.

Plaintiff wrote a letter to SMBSC on October 22, 1996, which could be construed as a request for reinstatement. Exhibit B to the Hannah Affidavit. SMBSC did not respond to this request. Id.

Three years later, Plaintiff filed three claims in the Conciliation Court of the Renville County District Court, alleging that he had been wrongfully disciplined by SMBSC and that the

Union had improperly handled his grievance. See Nathan Boniek vs. Charles Hannah, File No. 99-CV-1320 ADM/AJB; Nathan Boniek vs. Carol Gabbert, File No. 99-CV-1330 ADM/AJB; and Nathan Boniek vs. Bakery, Confectionary, Tobacco Workers & Grain Millers Union, Local 369G, File No. 99-CV-1321 ADM/AJB. On October 19, 1999, Judge Ann Montgomery of the United States District Court for the District of Minnesota accepted a stipulation dismissing these actions with prejudice and without costs to either party. Exhibit 5 to the Affidavit of David Lauth.

On July 20, 2000, Plaintiff filed the instant claim in Conciliation Court in Renville County, Minnesota. Exhibit 6 to the Affidavit of David Lauth. Defendant removed the action to this Court on August 3, 2000, on the grounds that the Complaint states a claim under Section 301 of the LMRA. See Docket Number 1; 29 U.S.C. § 185(a).

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. Standard of Review

In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmovant, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir.1994); Ossman v. Diana Corp., 825 F.Supp. 870, 879-80 (D.Minn.1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmovant. Ossman, 825 F.Supp. at 880. A complaint should be dismissed only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995) (citations omitted); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir.1996).

**2. Plaintiff's Claim Against Doerr Is a Claim Against SMBSC**

Plaintiff's claim may only be brought under § 301 of the LMRA, 29 U.S.C. § 185(a), as § 301 covers all actions where resolution requires interpretation of a collective bargaining agreement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988); Vacca v. Viacom Broadcasting of Missouri, Inc., 875 F.2d 1337, 1341 (8th Cir. 1989). As described in Vacca:

> If resolution of a claim...is "substantially dependent" on the terms of the union contract, or even if evaluation of the state law claim is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted by § 301.

875 F.2d at 1342. The gravamen of Plaintiff's Complaint is his termination from SMBSC pursuant to the terms of the collective bargaining agreement. See Plaintiff's Statement of Claim (Exhibit 6 to the Lauth Affidavit). As such, it is "substantially dependent" on the collective bargaining agreement and is thus preempted by the LMRA.

The LMRA provides that an "employer" includes "any person acting as an agent of an employer." 29 U.S.C. §§ 185(a), 152(2). As Plaintiff's former supervisor at SMBSC, SMBSC should be viewed as the proper Defendant in this action, not Doerr.

**3. This Action Is Time-Barred**

The National Labor Relations Act ("NLRA") imposes a six-month time limit for filing actions "[w]henever it is charged that any person has engaged in or is engaging in" an unfair labor practice. 29 U.S.C. § 160(b). Claims under Section 301 are subject to this time limit. See DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 171 (1983); Skyberg v. United Food and Commercial Workers Int'l Union, AFL-CIO, 5 F.3d 297, 301 (8th Cir. 1993).

In this case, the International Union rejected Plaintiff's appeal on March 1, 1996. At the very latest, therefore, his cause of action accrued on that date. This action was not filed, however, until July 20, 2000, a date that falls years outside the six-month time limit established by the NLRA.

Accordingly, it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations, and Plaintiff's action must be dismissed as untimely.[1]

**B. Motion for a Permanent Injunction**

Defendant also seeks a permanent injunction barring Plaintiff from filing any additional claims related to his employment at Defendant without leave of the Court. Defendant cites the case of Armstrong v. Koury Corp., 16 F.Supp.2d 616,621 (M.D.N.C. 1998), to support the proposition that this Court should act to bar Plaintiff not only from federal court, but from state court as well.

The Armstrong decision is distinguishable on its facts from the instant case. In Armstrong, the plaintiff filed six separate lawsuits alleging civil rights violations, conspiracies, and breach of contract against the defendant based on the plaintiff's expulsion from a lounge. Armstrong, 16 F.Supp.2d at 617. The allegations in each lawsuit were nearly identical. Id. In addition to his six lounge-expulsion lawsuits, Armstrong had filed at least twenty-seven other lawsuits and lost them all. Id. Despite his lack of success and the imposition of injunctions and sanctions against him, Plaintiff continued to litigate. Id. The Armstrong court found that this level of conduct justified the entry of an injunction barring Plaintiff from access to both the

[1]Although it appears likely that Plaintiff's claim is also barred by principles of res judicata, the Court need not consider that issue at this time.

federal and state court systems without prior leave of court. Id. at 621.

The Plaintiff's conduct in the instant case is not equivalent to the plaintiff's conduct in Armstrong. Here, Plaintiff has filed four lawsuits based on the same dispute, but three of them were filed on the same day and each of them named a separate person or entity as Defendant. This pattern of litigation may well have resulted from Plaintiff's inexperience with the court system rather than an intent to harass. Accordingly, and without commenting on this Court's ability to enter an injunction restricting Plaintiff's access to the state court system, the Court finds that Defendant's Motion for a Permanent Injunction should be denied. At the same time, however, the Court admonishes Plaintiff that further litigation based on the termination of his employment with Defendant shall result in the imposition of sanctions.

## III. CONCLUSION

Based upon the files, records, and proceedings herein, it is hereby **RECOMMENDED** that:

1. Defendant's Motion to Dismiss and for a Permanent Injunction [#2] be **GRANTED IN PART AND DENIED IN PART**, as follows:

   a. Insofar as the Motion seeks the dismissal of this case, the Motion is **GRANTED**;

   b. Insofar as the Motion seeks a permanent injunction, the Motion is **DENIED**;

   c. Further case filings by Plaintiff related to his employment at Defendant shall result in sanctions.

Dated: October 24, 2000

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.